[No. 35360. Department One.   April 7, 1960.]

JAMES E. BUNCH *et al.*, *Appellants*, v. LEO GUTZWILER *et al.*, *Respondents*.[1]

*Chaffee & Aiken*, for appellants.

*Blechschmidt & McKenzie*, for respondents.

PER CURIAM.—This appeal presented a single question of fact for decision. The plaintiffs predicated their action upon the defendant Leo Gutzwiler being their agent. The trial court dismissed the action upon the ground that he was not their agent. The plaintiffs appeal.

The background of this action is that the business of supplying bees for pollenization of fruit trees in the Wenatchee and Yakima orchards was begun in the early 1930s. The first suppliers of bees were C. H. Schader, who operated around Yakima, and Paul and Urban Mangold, who worked out of Wenatchee. Schader's chief operation was the growing and supplying of bees to distributors, while the Mangolds rented most of their bees and distributed them to orchardists.

In 1941, Schader orally agreed to supply the Mangolds with all the bees they needed. This informal arrangement continued for over fifteen years.

Urban Mangold died in 1951, and Paul Mangold turned the business over to his nephew, respondent Leo Gutzwiler, in 1953. The following year, Schader sold his business to the appellants. The appellants continued to supply bees to the respondent Leo Gutzwiler. These parties did not enter into a written contract, but the prior long-standing arrangement worked satisfactorily until 1958, when respondent Leo Gutzwiler became dissatisfied with the quality of the appellants' bees. Finally, on April 11, 1959, he informed the appellants that he was going to discontinue renting bees from them and would procure his future supply from the respondent Lyle Hibbard.

Thereupon, the appellants took the position that respondent Leo Gutzwiler was their agent and, upon that basis, sought, by this action, to enjoin him from renting bees from anyone other than the appellants and to require him to turn over all his business records and customer lists, which he held as their agent. They also sought to enjoin respondent Lyle Hibbard from renting bees to respondent Leo Gutzwiler on the theory that he had conspired to deprive the appellants of their business.

The trial court found that the respondent Leo Gutzwiler was not the agent of the appellants; that he was engaged in his own business; that his relationship to the appellants was that of an independent contractor; and that there was no conspiracy. The findings are supported by the

'Reported in 350 P. (2d) 1015.

record. It follows, as a correct conclusion of law, that the appellants are not entitled to any of the relief prayed for.

The judgment is affirmed.

---

June 17, 1960. Petition for rehearing denied.